PARRO, J.,
concurring.
11While I agree only with the result reached in this case, I am concurring in order to clarify what I believe is the legally correct reason for reaching that result.
The first judgment of the trial court on March 23, 2007, was a final judgment, pursuant to LSA-C.C.P. art. 1841. It was signed by the judge, disposed of the merits of the case, and was noticed to the parties. The second judgment on March 29, 2007, made a major substantive change, which is not allowed by Article 1951. Since there is no authority for the trial court to make such a change and, in fact, such a change is strictly prohibited unless proper procedures are followed, the jurisprudence has consistently established that such a substantively amended second judgment is an absolute nullity.
However, when an absolutely null judgment has been previously affirmed on appeal, as in this case, the second paragraph of Article 2005 allows the annulment of such |2a judgment under only two circumstances: (1) when the ground for nullity did not appear in the record of the appeal, or (2) when the ground for nullity was not considered by the appellate court. In this case, neither of those circumstances exist.
*833 At the time the second judgment was affirmed by this court on appeal, both of the trial court’s judgments appeared in the record, and the substantive nature of the change in the second judgment was apparent. Also, although neither party briefed the nullity issue at that time and this court’s opinion did not refer to the first judgment or to the nullity issue, the absolute nullity of the judgment was specifically raised as a grounds for rehearing in the rehearing application. As to that issue, the rehearing application was denied. Therefore, since this court considered the arguments that the judgment should be annulled, it cannot reconsider that same ground of nullity in this appeal.
Therefore, I respectfully concur.